# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2024

Lyle W. Cayce
Clerk

————————

No. 24-60151
Summary Calendar

————————

Xiomara Caballero-Romero; Kerstin Xiomara Lopez-Caballero,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A201 352 044,
A201 352 045

————————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Xiomara Caballero-Romero, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) decision upholding the immigration judge's (IJ) denial of her application for asylum and withholding of removal. (The other petitioner is Caballero's daughter,

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

who is a derivative applicant on Caballero's asylum application.)  Caballero contends the BIA erred when it determined she did not belong to a legally cognizable particular social group (PSG) and did not make a finding on whether she suffered past persecution.

Our court reviews the BIA's decision and considers the IJ's ruling only to the extent it influenced the BIA.  *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  Review of legal conclusions is *de novo*.  *Id.* Findings of fact, including an applicant's eligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard.  *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion.  *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

Caballero based her asylum and withholding-of-removal claims on the protected ground of membership in a PSG.  *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (outlining asylum and withholding-of-removal standards).  Her proposed PSGs— "Honduran women who have been raped and who are not protected by the authorities" and "Honduran women who are persecuted due to their gender vulnerability"—are similar to the PSG considered in *Jaco*. *Id.* at 402 (explaining "Honduran women who are unable to leave their domestic relationships" was not legally cognizable PSG).  The BIA did not reversibly err in determining Caballero's proposed PSGs did not meet the particularity requirement.  *E.g.*, *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229, 232 (5th Cir. 2019) (noting groups "defined by, and . . . not exist[ing] independently of, the harm" are impermissibly circular); *Orellana-Monson*, 685 F.3d at 519 (outlining particularity requirement).  Because the failure to establish a cognizable PSG is dispositive of her asylum and withholding-of-removal claims, our court need not consider her remaining contention regarding past persecution.  *E.g.*, *Munoz-De Zelaya v. Garland*, 80

No. 24-60151

F.4th 689, 693–94 (5th Cir. 2023) (citation omitted) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.")

    DENIED.